IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| YVETTE STURGIS AND YVONNE COUNCE | PLAINTIFFS |
| VS. | CIVIL ACTION NO.: 3:09CV636DPJ-FKB |
| OLLIVIER DISPATCH, FABRICE LERMINE, LEDA DECORS, BEATRICE SCHMITZEHE, AERONET-DFW, BEKINS VAN LINES, LLC, And JOHN DOES 1 THROUGH 15 | DEFENDANTS |
| AMERICAN EXPRESS FINANCIAL CORPORATION, INC. | GARNISHEE |

### ORDER

This cause is before the Court on Garnishee, Ameriprise Financial f/k/a American Express Financial Corporation's Motion to Quash Writs of Garnishment. [100]. Having considered the issues and the parties' submissions in light of the applicable standard, the Court finds that Ameriprise's Motion to Quash is granted.

I.  FACTS AND PROCEDURAL HISTORY

On March 23, 2011, the Court entered a Judgment NISI [41] against Ameriprise stemming from its failure to answer, appear or otherwise defend against Writ of Garnishment. [37]. Thereafter, Ameriprise filed its Response to Judgment NISI and Answer to Writ of Garnishment [90] and denied indebtedness to Defendants. Plaintiffs issued supplemental writs of garnishment to third-party garnishees allegedly indebted to Ameriprise. It is the supplemental writs that are the subject of Ameriprise's motion.

II.  ANALYSIS

Ameriprise's motion is premised on Mississippi Code Annotated section 11-35-31 which provides:

> If a garnishee, personally summoned, shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff's demand; and execution shall issue thereon, provided, however, that the garnishee may suspend the execution by filing a sworn declaration in said court showing the property and effects in his possession belonging to the debtor, and his indebtedness to the debtor, if any, or showing that there be none, if that be true; and by such act and upon a hearing thereon, the garnishee shall limit his liability to the extent of such property and effects in his hands, and such reasonable attorney's fees of the judgment creditor in said garnishment action.

The Mississippi Supreme Court addressed section 11-35-31 in *First Mississippi National Bank v. KLH Industries, Inc.*, 457 So. 2d 1333 (Miss. 1984). The Court, while considering analogous facts, held that even though the garnishee failed to answer the writ and a judgment was entered against it, the garnishee could still limit its liability to the judgment creditor by filing a sworn declaration. *Id.* at 1339. Furthermore, "the statute [11-31-35] itself places no time limit on the filing of a sworn declaration . . . ." *Id.*

> [S]o long as the garnishment defendant files its sworn declaration before the completion of the enforcement process, i.e., before the party levied upon has answered or paid monies into the Court, the limitation of liability protections of the statute remain available.

*Id.* (citing *Mississippi Action for Community Education, Inc. v. Montgomery*, 404 So. 2d 320 (Miss. 1982)).

And this is what occurred here. Ameriprise filed its sworn declaration on June 28, 2011 and denied any indebtedness to Defendants. Ameriprise Resp. [90] ¶¶ 4-9. While answers to several supplemental writs had been served at the time Ameriprise filed its sworn declaration, none acknowledged indebtedness to Ameriprise and no monies had been paid into the Court. Ameriprise Mot. [100] ¶ 2. Therefore, the enforcement process against Ameriprise had not been completed. *KLH*, 457 So. 2d at 1339. "Indeed, that statute [11-31-35] does not appear to

invalidate the judgment, only to suspend enforcement via execution or other similar process. Upon proper proof the garnishee may limit its liability." *Id.* Thus, Ameriprise's liability is limited to its indebtedness to Plaintiffs at the time of the filing of the sworn declaration, plus court costs and reasonable attorney's fees. *Id.* Plaintiff's do not contest Ameriprise's legal authority, and the Court finds that the motion should be granted.

Plaintiffs do, however, take issue with Ameriprise's denial of indebtedness to Defendants, Pls.' Resp. Mot. [106] ¶¶ 20-22, and request an opportunity to "conduct [d]iscovery in order to ascertain which iteration(s) of American Express is/are responsible for charges accepted by these Defendants, and funds paid to these Defendants." *Id.* ¶ 23. But this request is embedded in a responsive pleading to a motion and does not conform to U.L. Civ. R. 7(d)(2) and 7(3)(C). *See also State Farm Mut. Auto. Ins. Co. v. Eakins*, 748 So. 2d 765 (Miss. 1999)(holding answer of garnishee is taken as conclusive unless contested by the garnishor); Miss. Code Ann. § 11-35-45 (contest of answer by plaintiff). Because the only motion currently pending before the Court is Ameriprise's motion, the Court will not at this time consider Plaintiffs' request for relief contained in paragraph 23 of the response.

Turning to the award of attorneys fees, the Judgment NISI awarded Plaintiffs' $750.00 representing Plaintiffs' attorney's fees and costs for the garnishment action. Judgment NISI [41]. Ameriprise, in its Response to Judgment NISI and Answer to Writs of Garnishment [90], requested that the Court set aside the Judgment as well as the award of attorney's fees. *Id.* ¶¶ 1-2. For the same reasons that the Court will not consider Plaintiffs' request for relief embedded in its response to Ameriprise's motion, neither will the Court entertain a request to set aside the Judgment NISI and award of attorney's fees and costs set out in a responsive pleading.

Therefore, the award of attorney's fees and costs set forth in the Judgment NISI remains intact.

III.     CONCLUSION

For the reasons set forth herein, Ameriprise's Motion to Quash Writs of Garnishment [100] is granted.  If either Plaintiffs or Ameriprise seek further relief from the Court, such relief should be sought in accordance with applicable rules of this Court.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE