# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

YVETTE STURGIS AND
YVONNE COUNCE                                                          PLAINTIFFS

VS.                                    CIVIL ACTION NO.: 3:09CV636DPJ-FKB

OLLIVIER DISPATCH, FABRICE LERMINE,
LEDA DECORS, BEATRICE SCHMITZEHE,
AERONET-DFW, BEKINS VAN LINES, LLC,
And JOHN DOES 1 THROUGH 15                                             DEFENDANTS

AMERICAN EXPRESS FINANCIAL CORPORATION, INC.                           GARNISHEE

**ORDER**

This cause is before the Court on Garnishee, Ameriprise Financial f/k/a American Express Financial Corporation's ("Garnishee" or "Ameriprise") Motion to Vacate Judgment Nisi and Set Aside Award of Attorneys Fees and Costs [116]. Having considered the issues and the parties' submissions in light of the applicable standard, the Court finds that Garnishee's Motion is granted.

I.     FACTS AND PROCEDURAL HISTORY

On March 23, 2011, the Court entered a Judgment Nisi [41] against Garnishee stemming from its failure to answer, appear, or otherwise defend against the Writ of Garnishment. [37]. Thereafter, Garnishee filed its Response to Judgment Nisi and Answer to Writ of Garnishment [90] and denied indebtedness to Defendants.

Garnishee then filed a Motion to Vacate Judgment Nisi and Set Aside Award of Attorneys Fees and Costs [116], requesting that the Court vacate the March 23, 2011, Judgment Nisi and award of $750 attorney fees and costs.

On June 7, 2012, the Court held a telephonic status conference in this action regarding whether the Judgment Nisi should be suspended or vacated. The status conference was attended

by counsel for Plaintiffs and counsel for Garnishee. Counsel for Plaintiffs requested, and were given, until June 15, 2012, to file any contest of Garnishee's answer pursuant to Mississippi Code Annotated section 11-35-45. The Court informed all counsel that Plaintiffs' failure to contest Garnishee's answer by June 15, 2012, would "result in an order vacating the Judgment Nisi and dismissing Garnishee." [6/7/12 Text Order]. Alternatively, if Plaintiffs contested Garnishee's answer, any request for continuance of the trial date for discovery must be presented and properly supported by that same date, June 15, 2012. [*Id.*] On June 15, 2012, Plaintiffs notified the Court that they did not contest Garnishee's answer pursuant to Mississippi Code Annotated section 11-35-45.

II. ANALYSIS

Garnishee's pending Motion to Vacate Judgment Nisi and Set Aside Award of Attorneys Fees and Costs [116] is premised on Mississippi Code Annotated section 11-35-31, which provides:

> If a garnishee, personally summoned, shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff's demand; and execution shall issue thereon, provided, however, that the garnishee may suspend the execution by filing a sworn declaration in said court showing the property and effects in his possession belonging to the debtor, and his indebtedness to the debtor, if any, or showing that there be none, if that be true; and by such act and upon a hearing thereon, the garnishee shall limit his liability to the extent of such property and effects in his hands, and such indebtedness due by him to the debtor, plus court costs and reasonable attorney's fees of the judgment creditor in said garnishment action.

In addressing section 11-35-31 with respect to analogous facts, the Mississippi Supreme Court held that, even though the garnishee failed to answer the writ of garnishment and a judgment was entered against it, the garnishee could still limit its liability to the judgment creditor by filing a sworn declaration. *First Mississippi National Bank v. KLH Industries, Inc.*, 457 So. 2d 1333,

1339 (Miss. 1984). Furthermore, "the statute [11-31-35] itself places no time limit on the filing of a sworn declaration . . . ." *Id.* at 1339.

This is what occurred here. Garnishee filed its sworn declaration on June 28, 2011, and denied any indebtedness to Defendants. Ameriprise Resp. [90] ¶¶ 4-9. While answers to several supplemental writs had been served at the time Garnishee filed its sworn declaration, none acknowledged indebtedness to Garnishee, and no monies had been paid into the Court. Ameriprise Mot. [100] ¶ 2. Therefore, the enforcement process against Garnishee had not been completed, and pursuant to section 11-35-31, the execution of the Judgment Nisi was suspended. Miss. Code Ann. § 11-35-31; *KLH*, 457 So. 2d at 1339.

Mississippi Code Annotated Section 11-35-45 afforded Plaintiffs the means to contest Garnishee's answer. Section 11-35-45 provides:

> If the plaintiff believe that the answer of the garnishee is untrue, or that it is not a full discovery as to the debt due by the garnishee, or as to the property in his possession belonging to the defendant, he shall, at the term when the answer is filed, unless the court grant further time, contest the same, in writing, specifying in what particular he believes the answer to be incorrect. Thereupon, the court shall try the issue at once, unless cause be shown for a continuance, as to the truth of the answer, and shall render judgment upon the facts found, when in plaintiff's favor, as if they had been admitted by the answer, but if the answer be found correct, the garnishee shall have judgment for costs against the plaintiff.

This Court allowed Plaintiffs until June 15, 2012, to contest Garnishee's answer pursuant to section 11-35-45—approximately one year after Garnishee filed its answer. On June 15, Plaintiffs informed the Court that they chose not to contest Garnishee's answer to the Writ and Judgment Nisi. Accordingly, and pursuant to this Court's June 7, 2012, Order, the Judgment Nisi is due to be vacated, and Garnishee is due to be dismissed.

III.   CONCLUSION

For the reasons set forth herein, Ameriprise's Motion to Vacate Judgment Nisi and Set Aside Award of Attorneys Fees and Costs [116] is granted.  The Judgment Nisi of March 23, 2011 [41] is hereby VACATED, and Ameriprise Financial f/k/a American Express Financial Corporation is hereby DISMISSED WITH PREJUDICE.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
